FILED'10 FEB 16 16:10 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID AUSTIN ROSES, LTD.,

      Plaintiff,

v.

JACKSON & PERKINS WHOLESALE, INC.,

      Defendant.

Civ. No. 09-3027-PA

**ORDER**

**PANNER, District Judge:**

This court entered default judgment against defendant Jackson & Perkins Wholesale, Inc. I granted plaintiff David Austin Roses, Ltd.'s motion for attorney's fees under patent law. See 35 U.S.C. § 285. I now award plaintiff $21,167 in attorney's fees.

### BACKGROUND

Plaintiff filed this action for patent infringement and breach of contract. This court entered judgment for plaintiff in the amount of $787,937.63, plus post-judgment interest at the statutory rate.

1 - ORDER

**STANDARDS**

Under 35 U.S.C. § 285, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." The law of the Federal Circuit governs awards of attorney's fees under § 285. Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1343 (Fed. Cir. 2001). The district court has discretion in setting the amount of attorney's fees. Frazier v. Roessel Cine Photo Tech, Inc., 417 F.3d 1230, 1234 (Fed. Cir. 2005). The court may start with the lodestar figure, which is the number of hours reasonably spent on the litigation multiplied by reasonable hourly rates. See View Eng'g, Inc. v. Robotic Vision Sys., Inc., 208 F.3d 981, 988 (Fed. Cir. 2000). "In determining the reasonableness of the award, there must be some evidence to support the reasonableness of, *inter alia*, the billing rate charged and the number of hours expended." Lam, Inc. v. Johns-Manville Corp., 718 F.2d 1056, 1068 (Fed. Cir. 1983) (citations omitted).

**DISCUSSION**

**I.  Hourly Rates**

Plaintiff seeks fees for three attorneys: Joel A. Kauth, John W. Peck, and Benjamin Bloom. Kauth and Peck are partners in a law firm in Irvine, California. Bloom is a partner in a Medford law firm.

Kauth has specialized in intellectual property litigation since 1998. Plaintiff seeks an hourly rate of $300 for Kauth. Kauth's declaration cites the 2008 Oregon State Bar Economic Survey for the Portland area. The Survey lists $299 per hour as the average and median hourly rate for business litigation

2  -  ORDER

lawyers, and $275 - $299 per hour as the rates for intellectual property lawyers. I find $300 is a reasonable hourly rate for Kauth. See Mathis v. Spears, 857 F.2d 749, 756 (Fed. Cir. 1988) (court should adjust hourly rate billed to client only if rate is unusually high or low) (citing Chromalloy Am. Corp. v. Alloy Surfaces Co., 353 F. Supp. 429, 431 (D. Del. 1973)).

Plaintiff seeks $275 per hour for Peck, who has been in practice since 2000. I find $275 is a reasonable hourly rate for Peck.

Plaintiff seeks $250 per hour for Bloom. Bloom, who is plaintiff's local counsel, has been a member of the Bar since 1993. I find $250 is a reasonable hourly rate for Bloom.

## II. Number of Hours

Plaintiff seeks about 100 hours for Kauth and Peck, and 7.3 hours for Bloom. Plaintiff prevailed on its claims for patent infringement and breach of contract.

"When an action embraces both patent and non-patent claims, no fees under section 285 can be awarded for time incurred in litigation of the non-patent issues." Machinery Corp. of Am. v. Gullfiber AB, 774 F.2d 467, 475 (Fed. Cir. 1985). On the other hand, "in an action having both patent and non-patent claims, recovery may be had under § 285 for the non-patent claims if the issues involved therewith are intertwined with the patent issues." Beckman Instruments, Inc. v. LKB Produkter AB, 892 F.2d 1547, 1552 n.2 (Fed. Cir. 1989) (citing Stickle v. Heublein, 716 F.2d 1550, 1564 (Fed. Cir. 1983)).

Plaintiff's breach of contract claims are distinct from

3 - ORDER

its patent claims because the breach of contract claims concerned only rose varieties that were not patented. Plaintiff is not entitled to attorney's fees for work on the breach of contract claims. See Water Technologies Corp. v. Calco, Ltd., 850 F.2d 660, 674 (Fed. Cir. 1988) ("Because the attorney fee award in this case was in part for work connected with the now-defunct unfair competition claim, the amount of the award cannot stand."). The billing records submitted by plaintiff do not separate work on the patent claim from work on the contract claim. To account for work on the contract claim, I will deduct 30% from the amount requested, rather than 50%, because the contract claim was simpler than the patent claim.

In granting plaintiff's motion for a default judgment, I concluded that the statutory rate of interest applied post-judgment, rather than the contract rate of interest as asserted by plaintiff. I deduct 5% of the amount billed by Kauth and Peck to reflect plaintiff's lack of success on the issue of post-judgment interest.

I find that the remaining hours requested for Kauth and Peck are reasonable.

The hours sought by Bloom as local counsel relate mainly to procedural issues, such as pro hac vice motions, that were necessary for litigating both the patent and the contract claims. I conclude that under § 285, plaintiff is entitled to Bloom's requested fees because his work was reasonably related to the patent claim.

I award plaintiff $19,342 in fees for Kauth and Peck, and $1,825 in fees for Bloom, for a total of $21,167 in fees.

4 - ORDER

## CONCLUSION

Plaintiff's motion for attorney's fees (15) is granted. Plaintiff is awarded $21,167 in attorney's fees.

IT IS SO ORDERED.

DATED this 16 day of February, 2010.

OWEN M. PANNER
U.S. DISTRICT JUDGE

5 - ORDER